# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HEWISH and DENISE HEWISH,<br><br>           Plaintiffs,<br><br>           v.<br><br>ELEANOR SLOAN<br>           Defendant. | CIVIL ACTION<br><br>NO. 18-2764 |

### MEMORANDUM ORDER RE: PLAINTIFFS' MOTION TO REMAND

Baylson, J.                                                                                                                         August 22, 2018

    **I.**        **Introduction**

        This case arises out of an alleged car crash in Upper Moreland, Pennsylvania, during which a car driven by Plaintiff William Hewish and a car driven by Defendant Sloan collided. Plaintiff William Hewish and his wife, Denise Hewish, instituted this action by Writ of Summons filed on December 21, 2017, in the Philadelphia County Court of Common Pleas. (See ECF 1-4, "Compl."). On June 28, 2018, Defendant filed a notice of removal in this Court, after which Defendant filed an answer to the complaint, on July 19, 2018. Plaintiffs filed a motion to remand on July 27, 2018, along with a memorandum in support of the motion (ECF 5-2, "MTR"), to which Defendant filed a response on August 3, 2018 (ECF 6-4, "Resp.").

    **II.**  **Legal Standard**

        A case is removable to federal court on diversity grounds if the district court embracing the place where such action is pending has original jurisdiction. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different states." 28 U.S.C. § 1332(a). The removing defendant bears the burden of establishing

removability. See Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). The removal statute is strictly construed and all doubts are resolved in favor of remand. Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013).

A defendant must generally file notice of removal from state court within thirty days of receiving the complaint. See 28 U.S.C. § 1446(b)(1). However, if the initial pleading does not demonstrate that the $75,000 amount in controversy threshold is met, a defendant may file a notice of removal within 30 days of the "paper from which it may first be ascertained that the case is one which is or has become removable" on the basis of the amount threshold being met. Id. § 1446(b)(3); see id. § 1446(c)(3)(A).

### III. Plaintiffs' Contentions

Plaintiffs raise three grounds for remand:

(1) Defendant has failed to establish by a preponderance of the evidence that diversity of citizenship between the parties exists;

(2) Defendant has failed to establish by preponderance of the evidence that the jurisdictional amount in controversy exceeds the $75,000 required by 28 U.S.C. § 1332; and

(3) Defendant failed to timely file a notice of removal.

Each of the three grounds for remand is discussed below.

### IV. Defendant Has Established that Diversity of Citizenship Exists

Defendant has established by a preponderance of the evidence that diversity of citizenship between the parties exists. Plaintiffs are residents of Pennsylvania. (Compl. ¶ 1). Defendant has demonstrated that she is domiciled in New York.

In opposition to the Motion to Remand, Defendant submitted a sworn affidavit (ECF 6-2) which states, among other things:

- Defendant maintains a residence in New York City, considering it her permanent home to which she always intends to return;
- Defendant considers herself a New York resident;

- Defendant receives income tax and legal correspondence at her New York address;
- Defendant files state and federal income taxes in New York;
- Defendant lives in New York over 183 days per year and is thus considered by New York a resident for tax purposes;
- Defendant maintains her voter registration in New York and has done so for approximately the past ten years; and
- Defendant maintains a cellular telephone with a New York telephone number.

Defendant possesses a Pennsylvania driver's license (according to her affidavit because the DMV line in New York was long), but this is the only "fact" which links Defendant to Pennsylvania other than those facts which link Defendant to both Pennsylvania and New York (i.e., having residences in both states, seeing physicians in both states, and maintaining checking accounts in both states). Therefore, Defendant has demonstrated, by a preponderance of the evidence, that she is domiciled in New York and that diversity of citizenship exists.

### V. Defendant Has Established that the Jurisdictional Threshold is Met

According to Plaintiffs, they provided documents to Defendant on June 4, 2018, which included medical records, billing, and out-of-pocket expenses to date, with a medical summary itemizing these records and showing total medical expenses of $151,284.37. (MTR, at 6). Plaintiffs attribute the cost of these medical expenses to Defendant's negligence. (Compl. ¶¶ 7–8). This clearly suffices to satisfy the $75,000 threshold.

### VI. Defendant Timely Filed Notice of Removal

Plaintiffs filed their complaint on February 12, 2018. However, Defendant did not file a notice of removal until June 28, 2018. Plaintiffs contend that this violates the 30-day window for filing a notice of removal, under 28 U.S.C. § 1446(a).

Plaintiff contends that Defendant first had sufficient information in 2016 to determine that the amount in controversy exceeds $75,000, because Defendant's insurance carrier had

possession of Plaintiff William Hewish's cervical spine operative records; was informed of Plaintiff's numerous injuries and his groin surgery in September 2016; and was on notice that he was a self-employed landscaper but was on a 30 lb. weight-lifting restriction which greatly affected his ability to do his job and run his company. (MTR, at 21). However, Plaintiffs do not explain why records in the possession of Defendant's insurance carrier provided Defendant with notice of the records (or notice that the records showed that the $75,000 amount in controversy requirement was met).[1] Moreover, Plaintiffs fail to rebut Defendant's documentary evidence that Plaintiffs' counsel neglected to attach the medical records to its correspondence with Defendant's insurance carrier, and thus that Defendant's insurance carrier, let alone Defendant, had possession of the records. (ECF 5-1).

Then, Plaintiffs assert that their complaint put Defendant on notice of the extent of William Hewish's injuries. However, the complaint only sought "a sum in excess of Fifty Thousand Dollars ($50,000.00), plus interest costs and damages for delay," and it did not specify Plaintiff William Hewish's cost of treatment. (Compl. ¶¶ 10, 12).

Plaintiffs finally contend that Plaintiffs' Case Management Memorandum (ECF 5-1) should have put Defendant on notice that the $75,000 jurisdictional threshold was met because it listed Plaintiff William Hewish's injuries, type of surgery, and the fact that his medical treatment was continuing. However, Plaintiffs did not list in that Memorandum what Plaintiff William Hewish's approximate lost wages and future earning capacity were, instead listing them as "unknown at present." Moreover, Plaintiffs listed the "approximate medical bills recoverable in this case" as "$30,000." (MTR, at 22).

Both parties agree that:

---

[1] Nor do Plaintiffs ever reconcile their contention that the jurisdictional threshold is not met with their contention that Defendant was aware, even prior to the filing of the complaint, that the threshold was met.

(1) Defendant served interrogatories and document requests on Plaintiffs on April 13, 2018. (ECF 6 ¶ 18).

(2) Plaintiffs provided responsive documents to Defendant, which Defendant received on June 7, 2018. (ECF 1 ¶ 14).

(3) The documents included medical bills and medical records (including records regarding Plaintiff's two surgeries and recommendation for a third), which amounted to total medical expenses of $151,284.37 as of that date.

The Court concludes that Defendant was at that point, upon receipt of Plaintiffs' responsive document production, for the first time put on notice that Plaintiffs' claimed damages exceeded $75,000. See 28 U.S.C. § 1446(b)(3) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper,'" thereby extending the 30-day period within which a notice of removal may be filed).

Because Defendant filed its notice of removal within thirty days of June 7, 2018 (on June 28, 2018), Defendant did not violate the 30-day statutory deadline for removal.

## VII. Conclusion

For the foregoing reasons, the Motion to Remand (ECF 5) is DENIED.

**BY THE COURT:**

**/s/ Michael M. Baylson**
**Michael M. Baylson, U.S.D.J.**

O:\CIVIL 18\18-2764 Hewish v Sloan\18-cv-2764 Memo re Motion to Remand.doc